IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Case No. 25-3223

ANGELIINA L. LAWSON, Next of Friend to Minor D.L.

Plaintiff–Appellant,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES;

KANSAS ATTORNEY GENERAL'S OFFICE, et. al,

Defendants–Appellees.

(Appealed from District of Kansas Case No. 2:25-cv-02171)

APPELLANT'S MOTION TO CLARIFY DISCLOSURE STATEMENTS

AND FOR JUDICIAL CONFLICT REVIEW UNDER 28 U.S.C. § 455(a)

I. INTRODUCTION

Appellant Angeliina L. Lawson respectfully moves the Court to direct the Appellees and the district judges below to supplement and clarify their disclosure statements to ensure full compliance with Fed. R. App. P. 26.1, Tenth Circuit Rule 26.1, and 28 U.S.C. § 455. Recent review of publicly filed Judicial Financial Disclosure Reports (2020) for the Hon. John

W. Broomes and Hon. Teresa J. James reveals financial holdings that, when compared with the Kansas Attorney General's Form 4 Disclosure Statement, present a reasonable question about the appearance of impartiality.

II. FACTUAL AND PROCEDURAL BACKGROUND

1. On October 24, 2025, the Office of the Kansas Attorney General, through counsel James Eric Todd, filed a Tenth Circuit Form 4 Disclosure Statement stating:

    "There is no information to disclose pursuant to Fed. R. App. P. 26.1."

2. However, the public financial disclosures of the district-court judges who presided over this matter reflect substantial financial interests in institutions directly tied to Kansas state fiscal instruments and state agency accounts, including:

    a) Commerce Bank and Commerce Funds (valued between $15,000 and $500,000 across multiple accounts);

    b) Intrust Bank cash accounts ($50,000 – $250,000); and

    c) Commerce Kansas Tax-Free Intermediate Bond Funds ($250,000 – $500,000), which are comprised primarily of Kansas municipal bonds.

3. Both Commerce Bank and Intrust Bank are depositories and custodians for State of Kansas agency funds including accounts managed or represented by the Kansas Attorney General's Office. This relationship creates an indirect fiscal nexus between the Appellee State agencies and the financial interests of Judge Broomes.

4. Magistrate Judge Teresa J. James's financial disclosures show no comparable Kansas-based holdings, but the oversight responsibility for conflict screening rests with the Court's clerk and Judicial Council under 10th Cir. R. 26.1(d)(3).

III. ARGUMENT

A. Purpose of Rule 26.1 and the Conflict Screening Framework

Rule 26.1 and the Judiciary's Code of Conduct exist to ensure that judges and parties disclose any ownership, agency, or financial interest that might "be substantially affected by the outcome of the proceeding." *See* 28 U.S.C. § 455(b)(4); Canon 3C(1)(c) of the Code of Conduct for United States Judges.
Without accurate party disclosures, the Court cannot perform proper conflict checks.

B. Deficiency in the AG's Form 4 Disclosure

By certifying "no information to disclose," the Kansas Attorney General's Office failed to inform the Court of its state-treasury functions, financial custodianships, and banking relationships with the very institutions in which Judge Broomes holds substantial assets. Although the Office is a governmental entity, the spirit of Rule 26.1 and FRAP 26.1(d)(3) requires complete disclosure where a party's financial interactions may overlap with judicial holdings.

C. Appearance of Impartiality Under 28 U.S.C. § 455(a)

Section 455(a) provides that "any justice, judge, or magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
Given the AG's financial interactions with Kansas-based banks and bond funds, a reasonable observer could question whether the State's fiscal stability and, by extension, the value of those

bond holdings could be affected by litigation outcomes.

Even if no actual bias exists, the appearance alone requires review and clarification.

IV. REQUESTED RELIEF

Appellant respectfully requests that this Court:

1. Order the Appellees to Supplement Form 4 Disclosure Statements, identifying any financial or contractual relationships between the Kansas Attorney General's Office, the State Treasurer, Commerce Bank, Intrust Bank, and Commerce Funds;
2. Refer this matter to the Circuit Judicial Council or Ethics Committee for review of potential conflicts under 10th Cir. I.O.P. IV and § 455(a); and
3. Direct the Clerk of Court to conduct a conflict check and notify the parties of any required reassignment or recusal under § 455(b)(4) ("financial interest in the subject matter in controversy").

This motion is filed in good faith to ensure transparency and to preserve public confidence in judicial neutrality. No allegation of bad faith is directed toward any party or judge.

V. CONCLUSION

The AG's disclosure statement, when viewed against the financial interests of the judges below, fails to provide the Court with sufficient information to confirm the absence of conflicts. Appellant therefore requests that this Court grant this motion and initiate the requested clarification and review.

Respectfully submitted,  Dated: December 22, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, Kansas 66048

CERTIFICATE OF SERVICE

I certify that on December 22, 2025, I filed the foregoing via CM/ECF, which will serve all registered counsel, including Bradley E. Avery (Kansas Attorney General's Office) and Marc Altenbernt (KDCF).

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se