IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Case No. 25-3223

ANGELIINA L. LAWSON, Next of Friend to Minor D.L.

Plaintiff–Appellant,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES;

KANSAS ATTORNEY GENERAL'S OFFICE, et. al

Defendants–Appellees.

*(Appealed from 2:25-cv- 02171)*

APPELLANT'S RESPONSE TO THE ATTORNEY GENERAL'S ENTRY OF

APPEARANCE

Appellant Angeliina L. Lawson respectfully submits this response to the Kansas Attorney General's Entry of Appearance, which was filed minutes before the stated deadline yet after the Attorney General's Office had already defaulted in the District of Kansas under Federal Rule of Civil Procedure 55(a).

1. Default Attached Before Any Appearance

    a) Service on the Kansas Attorney General was completed on April 29, 2025 (USM-285, Dkt. 38).

    b) Under Rule 12(a)(1)(A)(i), a responsive pleading was due no later than May 20, 2025.

    c) No answer, motion, or extension request was filed by that date.

    d) Appellant filed an Application for Clerk's Entry of Default and Motion for Default Judgment on June 3, 2025 (Dkts. 12 & 13).

    e) Accordingly, default attached as a matter of law when the Attorney General failed to "plead or otherwise defend" within the time prescribed. Fed. R. Civ. P. 55(a).

2. An Appellee's "Entry of Appearance" Does Not Cure Default

    a) The Attorney General filed an Entry of Appearance on June 6, 2025, seventeen days after the Rule 12(a) deadline had expired.

    b) That filing, made without a motion for leave or a showing of excusable neglect, does not constitute a responsive pleading and cannot retroactively nullify default.

    c) Under Rule 55(c) and Rule 60(b), only a motion to set aside default supported by good cause and a judicial finding of excusable neglect may vacate a default.
    No such motion or finding exists in the record.

An entry of appearance filed minutes before a deadline—or after default has attached—is not a responsive pleading under Rule 12(a) and cannot retroactively nullify default; absent a Rule 55(c) motion and a judicial finding of good cause, default remains operative.

3. District Court Error

   a) The district court denied Appellant's Rule 55(b)(2) motions as "moot," despite undisputed proof of service and without holding the hearing required by Rule 55(b)(2). (Dkt. 48).

   b) By accepting the Attorney General's untimely appearance and treating it as if default had never attached, the court rewrote Rule 55 to grant the State an informal grace period, unprompted, unavailable to any other litigant.

   c) This departure from procedural neutrality deprived Appellant of due process and equal protection and constitutes reversible error.

This issue underscores the structural due-process violations forming the basis of Appellant's pending jurisdictional appeal and supports reversal of the district court's dismissal order (Dkt. 48).

4. Requested Action

   a) Appellant respectfully requests that the Court recognize the Attorney General's continuing default and the absence of any lawful order setting it aside, and that the Court proceed on the basis that the State defendants were in default as of May 20, 2025.

   b) Appellant asks that the issue be preserved for merits briefing as a structural due-process violation arising from the district court's failure to enforce Rule 55(b)(2).

Respectfully submitted,                                    Dated: December 22, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

## CERTIFICATE OF SERVICE

I certify that on December 22, 2025, I filed the foregoing via CM/ECF, which will serve all registered counsel, including: Bradley E. Avery (Kansas AG's Office) and Marc Altenbernt (KDCF).

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se