IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

No. 25-3223

ANGELIINA LAWSON,

Plaintiff–Appellant,

v.

KANSAS DEPARTMENT OF

CHILDREN AND FAMILIES, et al.,

Defendants–Appellees.

APPELLANT'S OBJECTION TO APPELLEE'S MOTION FOR EXTENSION

OF TIME TO FILE APPELLEE BRIEF (DOC. 37)

Appellant Angeliina Lawson, appearing pro se, respectfully submits this Objection to the Office of the Kansas Attorney General's Motion for Extension of Time to File Appellee Brief (Doc. 37). Appellee did not timely participate in the underlying district court case (D. Kan. 2:25-cv-02171) and has a documented pattern of late appearances and last-minute extension requests in related matters. Meanwhile, the Attorney General has publicly informed the Kansas Legislature that his office is now "fully staffed" with attorneys and has devoted substantial resources to promoting new legislation and policy litigation, rather than simply meeting day-to-

1

day litigation obligations and complying with existing ADA and due-process duties. Against that backdrop, further delay here unfairly burdens Appellant and prolongs the harm flowing from the orders under review.

I.  INTRODUCTION

1. Appellant filed her opening brief on February 3, 2026. (Doc. 35.) Under this Court's scheduling order, the Office of the Kansas Attorney General's Appellee brief was due on March 5, 2026. (Doc. 36.) On the deadline date, the Appellee now seeks a five-day extension, to March 10, 2026, citing an internal network outage allegedly beginning the evening of March 4, 2026. (Doc. 37 ¶¶ 7–11.)

2. On the same deadline morning of March 5, 2026, Appellee filed its extension motion, the Attorney General's Office published a press release (dated March 2, 2026 but posted March 5 approx. 7:31am) urging Kansans, during National Consumer Protection Week, to be vigilant against scams involving artificial intelligence, deepfakes, and online fraud. Appellant finds it difficult to reconcile that public posture with the claimed internal "network outage" which allegedly prevented counsel from accessing documents for the entire brief, but did not prevent the Office from:
   o issuing public press materials,
   o filing a five-page motion via CM/ECF, or
   o emailing Appellant and a state judge in related litigation two days earlier.

3. In this context, the outage should not be treated as an unavoidable emergency justifying repeated last minute delays, particularly given the ongoing harm documented in this appeal and the fact that Appellee had thirty days to prepare its brief.

## II. BACKGROUND PATTERN OF DELAY AND ADA NONCOMPLIANCE

4. This is not an isolated occurrence. In Appellant's related Fourth Judicial District proceeding, *Lawson v. Anderson County Courthouse*, FR-2025-MV-000042, counsel for the Attorney General:

    o waited until the final day of a prior extension to request additional time,

    o left a same-day voicemail seeking consent to a further extension,

    o received a written response from Appellant within approximately two hours requesting email communication as an ADA accommodation,

    o and nevertheless filed a motion stating that Appellant had not responded.

    Only after filing the motion did counsel send an email, copied to multiple personal and work addresses that Appellant had not designated, raising further ADA and privacy concerns.

5. Across multiple forums, including 2:25-cv-02171, 6:25-cv-01179, and related Tenth Circuit and SCOTUS extraordinary-writ proceedings, the Attorney General's Office has:

    o appeared late, not appeared at all or post-default,

    o requested extensions at or near/on deadlines,

    o relied on inaccessible phone calls rather than the written communication Appellant requires as an ADA accommodation, and

    o taken litigation positions designed to keep challenged state actors in place instead of addressing documented KORA violations, ADA retaliation, due-process, criminal charge requests and record-access failures.

6. During the same period, the Attorney General and senior staff have submitted or supported numerous bills at the Kansas Legislature, including measures involving virtual currency kiosks, fentanyl education, AI chatbot restrictions, and broad "lawfare" public-nuisance legislation centralizing authority in the Attorney General's Office. The Attorney General has also told lawmakers that his office is now fully staffed with attorneys in the Topeka Capital-Journal published Feb 6, 2026. Yet, in this and other civil rights cases brought by disabled Kansans, the Office frequently seeks more time or cites internal system issues cherry picking which Kansans they prioritize showing bias.

7. Appellant recognizes that technical problems can occur. But Appellee has had thirty days to prepare this brief and does not explain why the work was left in a posture that a single evening outage would prevent timely filing. The motion does not indicate:
    - when drafting began,
    - what portions of the brief remained undone as of March 4, or
    - why diligent work during the existing schedule could not have avoided last-minute relief.

8. This Court's rules expressly state that extensions of time to file briefs are disfavored. 10th Cir. R. 27.6.

9. Appellee's motion does not demonstrate that diligent efforts during the existing schedule were insufficient or that truly unforeseeable circumstances justify a last day extension.

### III. ADA ACCOMMODATION AND COMMUNICATION ISSUES

9. Appellee further represents that counsel "does not have access to email which is Plaintiff's preferred method of communication," and therefore attempted to contact

4

Appellant by telephone at 11:19 am on March 5, 2026. (Doc. 37 ¶ 12.) Yet, according to the docket, counsel filed the five-page extension motion via CM/ECF at 11:51 am the same day, just 32 minutes later, certifying electronic service and mailing. (Doc. 37.)

10. Appellant has repeatedly notified state actors and the Attorney General's Office that she has a documented disability and requires communication in writing as an ADA accommodation. Telephone calls are not an accessible format for Appellant and are not an adequate substitute for written notice or conferral.

11. The record also demonstrates that written channels remained open to counsel. Counsel has:

- emailed Appellant in other matters, including a November 25, 2025 email referring to her as "Trustee Lawson,"
- since January 2026, used both her personal and work email addresses,
- had Appellant's phone number to send a text message, and
- had Appellant's email address available on every filing and certificate of service in this and related cases.

12. On March 3, 2026, just two days before the present motion, counsel emailed Appellant and Senior Judge Merlin Wheeler in FR-2025-MV-000042, acknowledging receipt of Appellant's response to Defendants' motion and discussing briefing on that motion. These facts undermine any suggestion that email or other written communication was unavailable.

13. Under these circumstances, a phone message, contrary to Appellant's express ADA request for written communication does not constitute a good-faith effort to confer with a

disabled appellant. It instead continues a pattern of disregarding ADA accommodations while Appellee is invoking their own office communication difficulties to justify last minute extensions.

## IV. PREJUDICE FROM FURTHER DELAY

14. This appeal arises from the dismissal of Appellant's federal civil rights and ADA claims concerning DCF's handling of child-abuse reports and accommodations affecting her minor child. Even a five day extension prolongs the effects of the underlying state-court orders and Appellant's separation from her child.

15. In the district court, Appellant has already experienced substantial delay, harm and non-participation by state actors, including discovery stays and ignored subpoenas. Additional delay at the appellate stage, particularly where the AG's Office has been on notice of the appeal briefing schedule since early February, should not be granted lightly.

## V. REQUESTED RELIEF

16. For these reasons, Appellant objects to the requested extension and respectfully asks the Court to enforce the existing March 5, 2026 deadline.

WHEREFORE, Appellant respectfully requests that the Court deny Appellee's Motion for Extension of Time to File Appellee Brief (Doc. 37).

Respectfully submitted,                                                Dated: March 5, 2026
/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Appellant, pro se
1914 5th Avenue, Leavenworth, KS 66048

(913) 972-1661 | AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing Appellant's Objection to Appellee's Motion for Extension of Time to File Appellee Brief (Doc. 37) with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the CM/ECF system, which will send notice of such filing to all registered counsel of record, including:

- James Eric Todd and Scott G. Nading
  Office of the Kansas Attorney General
  120 SW 10th Avenue, 2nd Floor
  Topeka, KS 66612
- Marc Altenbernt
  General Counsel, Kansas Department for Children and Families
  555 S. Kansas Avenue, 6th Floor
  Topeka, KS 66603

I further certify that on the same date, I caused a true and correct copy of the foregoing filing to be placed in the United States mail, first-class postage prepaid, addressed to the above-listed counsel at their respective office addresses.

/s/ Angeliina L. Lawson
Angeliina L. Lawson