Case No. 25-3223

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

ANGELIINA LYNN LAWSON,
*Plaintiff-Appellant,*

v.

KANSAS DEPARTMENT OF CHILDREN AND FAMILIES, et al.,
*Defendants-Appellees.*

---

**BRIEF OF DEFENDANT-APPELLEE**

---

Appeal from the United States District Court for the District of Kansas
Honorable John W. Broomes, Chief Judge
District Court Case No. 25-CV-02171-JWB-TJJ

---

OFFICE OF KANSAS ATTORNEY
GENERAL KRIS W. KOBACH

120 SW 10th Avenue, 2nd Floor      James Eric Todd
Topeka, Kansas 66612-1597            *Assistant Attorney General*
(785) 296-2215                       Scott G. Nading
James.Todd@ag.ks.gov                  *Assistant Attorney General*
Scott.Nading@ag.ks.gov

*Attorneys for Defendant-Appellee
Office of the Kansas Attorney
General*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................iv

PRIOR AND RELATED APPEALS ...................................................viii

GLOSSARY ....................................................................................ix

JURISDICTIONAL STATEMENT .......................................................1

STATEMENT OF ISSUES ................................................................2

STATEMENT OF THE CASE .............................................................3

SUMMARY OF ARGUMENT .............................................................8

ARGUMENT ..................................................................................10

I.    Appellant Brief errors. ...........................................................13

II.   Defendant OAG is entitled to Sovereign immunity on Plaintiff's claims against the OAG, the OAG was properly dismissed from the case, and default judgment was properly denied................................................................18

      A. Sovereign Immunity bars the complaint. ..........................20

         1. Kansas has not consented to suit or waived sovereign immunity. ....................................................................21

         2. Congress has not abrogated Kansas' sovereign immunity under § 1983. ...............................................22

         3. The *Ex parte Young* exception does not apply.............23

B. Default Judgment was not appropriate because the District Court lacked jurisdiction due to sovereign immunity.................................................................25

    1. There is not right to default judgment..........................25

    2. Sovereign Immunity is Jurisdictional. ........................26

    3. Sovereign Immunity can be raised at any time. .........28

    4. A District Court may dismiss a case under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) if it determines it lacks jurisdiction...............................................................29

    5. The District Court correctly denied Plaintiff's request for default judgment as moot after determining it lacked jurisdiction because of sovereign immunity. .29

III.  The Court did not err by utilizing its inherent power to deny Plaintiff's frivolous motions. ..........................................31

IV.  The Court did not err by dismissing Plaintiff's case under Fed. R. Civ. P. 41(b). ...................................................32

CONCLUSION..........................................................................34

STATEMENT IN SUPPORT OF ORAL ARGUMENT......................35

CERTIFICATE OF COMPLIANCE................................................37

CERTIFICATE OF SERVICE......................................................37

ATTACHMENTS .....................................................................38

    Addendum A – District Court Order (Doc. 48)

    Addendum B - District Court Order (Doc. 73)

**Addendum C - District Court Order (Doc. 76)**

**Addendum D – Judgment (Doc. 77)**

**Addendum E – Fed. R. Civ. P. 41**

# TABLE OF AUTHORITIES

**Cases**

*Ashby v. Mckenna,*
331 F.3d 1148 (10th Cir. 2003) ............................................................10

*Bixler v. Foster,*
596 F.3d 751 (10th Cir. 2010) .............................................................10

*Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands,*
461 U.S. 273 (1983) ............................................................................19

*Burke v. Regaldo,*
935 F.3d 960 (10th Cir. 2019) .............................................................23

*Canady v. J.B. Hunt Transp., Inc.,*
970 F.2d 710 (10th Cir. 1992) .....................................................14, 30

Caperton v. A.T. Massey Coal Co.,
556 U.S. 868 (2009) ............................................................................16

*Clark v. C.I.R.,*
744 F.2d 1447 (10th Cir. 1984) ...........................................................31

*Colby v. Herrick,*
849 F.3d 1273 (10th Cir. 2017) ...........................................................10

*Cornforth v. Univ. of Oklahoma Bd. Of Regents,*
263 F.3d 1129 (10th Cir. 2001) ...........................................................10

*Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp.,*
115 F.3d 767 (10th Cir. 1997) .............................................................27

*Edelman v. Jordan,*
415 U.S. 651 (1974) ............................................................................20

*Ehrenhaus v. Reynolds,*
965 F.2d 916 (10th Cir.1992) ..............................................................34

*Ex parte Young*,
  209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ........... 9, 20, 21, 23, 24,

*F.D.I.C. v. Meyer*,
  510 U.S. 471 (1994) ...............................................................19

*Foman v. Davis*,
  371 U.S. 178 (1962) ...............................................................14

*Great Coastal Express Inc. v. Int'l Bhd. of Teamsters*,
  675 F.2d 1349 (4th Cir. 1982) ...............................................15

*Haines v. Kerner*,
  404 U.S. 519 (1972) ...............................................................14

*Hawkins Const. Co. v. Peterson Contractors, Inc.*,
  970 F. Supp. 2d 945 (D. Neb. 2013) ............................... 13, 30

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,
  322 U.S. 238 (1944) ..........................................................14, 15

*Idaho v. Coeur d'Alene Tribe of Idaho*,
  521 U.S. 261 (1997) ...............................................................24

*K.A. v. Barnes*,
  134 F.4th 1067 (10th Cir. 2025) .............................................26

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ...............................................................20

*Lane v. Pena*,
  518 U.S. 187 (1996) ...............................................................19

Liljeberg v. Health Servs. Acquisition Corp.,
  486 U.S. 847 (1988) ...............................................................16

*Meeker v. Kercher*,
  782 F.2d 153 (10th Cir. 1986) ................................................33

*Meiners v. Univ. of Kan.*,
359 F.3d 1222 (10th Cir. 2004).............................................................23

*Monell v. Dep't of Social Servs. of City of New York*,
436 U.S. 658 (1978)........................................................................4, 18

*Morris v. Khadr*,
415 F.Supp.2d 1323 (D. Utah 2006) ..............................................27, 28

*Muscogee (Creek) Nation v. Pruitt*,
669 F.3d 1159 (10th Cir. 2012).................................................21, 23, 24

*Nasious v. Two Unknown B.I.C.E Agents, at Arapahoe County Justice Center*,
492 F.3d 1158 (2007)...........................................................................32

*Nelson v. Geringer*,
295 F.3d 1082 (10th Cir. 2002)............................................................27

*Olsen v. Mapes*,
333 F.3d 1199 (10th Cir. 2003).............................................................32

*Orff v. U.S.*,
545 U.S. 596 (2005).............................................................................21

*Plaut v. Spendthrift Farm, Inc.*,
514 U.S. 211 (1995).............................................................................17

*Port Authority Trans–Hudson Corp. v. Feeney*,
495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990) .......................20

*Reg'l Dist. Council v. Mile High Rodbusters, Inc.*,
82 F. Supp. 1235 (D. Colo. 2015) ........................................................25

*Semtek Intern. Inc. v. Lockheed Martin Corp.*,
531 U.S. 497 (2001).............................................................................17

*Teahan v. Metro-North Commuter R.R. Co.*,
951 F.2d 511 (2d Cir. 1991) ...........................................................17, 18

Tennessee v. Lane,
541 U.S. 509 (2004)................................................................15, 16

*U.S. ex rel. Burlbaw v. Orenduff,*
548 F.3d 931 (10th Cir. 2008)...................................................28

*U.S. v. Mitchell,*
445 U.S. 535 (1980)...................................................................21

*United States v. Akers,*
76 F.4th 982 (10th Cir. 2023) ..................................................31

*United States v. King,*
395 U.S. 1 (1969).......................................................................21

*Va. Office for Prot. & Advocacy,*
131 S.Ct.....................................................................................20

*Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.,*
535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) ...........20, 23, 24

*Will v. Mich. Dep't of State Police,*
491 U.S. 58 (1989).....................................................................22

*Williams v. Utah Dep't of Corr.,*
928 F.3d 1209 (10th Cir. 2019).............................................20, 26

*Wisconsin Dept. of Corr. v. Schacht,*
524 U.S. 381 (1998)...................................................................28

**Statutes**

28 U.S.C. 1915........................................................................12, 29

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 1331 ...........................................................................1

42 U.S.C. § 1983 ....................................1, 3, 8, 9, 10, 17, 19, 21, 22, 24

**Rules**

Fed. R. App. P. 4.................................................................................1

Fed. R. Civ. P. 12.......................................................................... 4, 5, 9

Fed. R. Civ. P. 41................................................... 2, 7, 9, 12, 32, 34, 35

Fed. R. Civ. P. 55.......................................................... 10, 25, 28, 30

Fed. R. Civ. P. 60.................................................................. 14, 15

**Regulations**

28 C.F.R. § 35.160 ........................................................... 15, 16

# PRIOR AND RELATED APPEALS

Plaintiffs previously filed an interlocutory appeal from the same district court case, which was dismissed by the 10th Circuit for lack of jurisdiction. *See Angeliina Lynn Lawson v. Kansas Department of Children and Families, et al.* No. 25-3182.

On or about April 14, 2025, Plaintiff filed a federal § 1983 and ADA case against Anderson County District Court, the State of Kansas, and Eric W. Godderz which is on appeal in the Tenth Circuit. *See Lawson v. Godderz, et al.,* Case No. 25-3198. On or about August 15, 2025, Plaintiff filed a federal RICO case against thirty (30) defendants in which a writ of mandamus has been appealed to the United States Supreme Court. *See Lawson v. Godderz, et al.* Case No. 25-CV-01179-JWB-TJJ and *In Re Angeliina L. Lawson* 25-6604. Plaintiff sought to remove her state domestic case to federal court and the denial of removal was appealed to the United States Supreme Court where her writ of certiorari was denied. *See Angeliina Lynn Lawson v. Jonathan David Lawson, 2025-*CV-04045 and 25-6552. On or about June 7, 2025, the Plaintiff filed a Kansas Supreme Court Case seeking a writ of prohibition against Hon. Eric

Godderz that was appealed to the United States Supreme Court. *See In Re Angeliina L. Lawson* Case No. 25-6508.

The Kansas State court case that is the original litigation is currently on appeal in the Kansas Court of Appeals. *See In the Matter of the Marriage of Jonathan David Lawson v. Angeliina Lynn Lawson,* 2020-DM-000131 and 130,051.

On or about March 25, 2025, filed a civil lawsuit against Andrea Lee Dunseth in Johnson County that is currently pending in the Kansas Court of Appeals. *See* Case No. JO-2025-CV-000623 and 129,688.

# GLOSSARY

OAG:     Office of the Attorney General

KDCF:    Kansas Department for Children and Families

KORA:    Kansas Open Records Act

# JURISDICTIONAL STATEMENT

Plaintiff brought this case under 42 U.S.C. § 1983 alleging violations of the U.S. Constitution. The District Court had subject matter jurisdiction under 28 U.S.C. § 1331.

OAG moved to dismiss Plaintiff's complaint for several reasons, including sovereign immunity. On October 9, 2025, the District Court granted Defendant OAG's motion to dismiss on the basis of sovereign immunity and dismissed as moot the OAG's separate motions to dismiss for lack of standing and for insufficient service of process. On October 9, 2025, Plaintiff filed an interlocutory appeal to the Tenth Circuit Court of Appeals seeking review of the Order dismissing the defendants. On November 4, 2025, the Tenth Circuit dismissed the appeal for lack of jurisdiction because the dismissal was not a final decision. On December 11, 2026, the District Court dismissed the case for Plaintiff's failure to comply with the orders of the Court.

Plaintiff filed a notice of appeal on December 11, 2025, within the 30-day time period specified by Fed. R. App. P. 4(a)(1)(A). This Court has jurisdiction under 28 U.S.C. § 1291.

# STATEMENT OF ISSUES

1.     Did the District Court abuse its discretion by denying Plaintiff's Motion for Default judgment after it dismissed Defendant OAG from the litigation based upon sovereign immunity?

2.     Did the District Court abuse its discretion by denying Plaintiff's frivolous and meritless motions under the Court's inherent power?

3.     Did the District Court abuse its discretion by dismissing Plaintiff's action without prejudice under Fed. R. Civ. P. 41(b)?

**STATEMENT OF THE CASE**

1.      Plaintiff is the parent of a minor child, D.L. (ROA. Vol. I at 12). Plaintiff alleges that D.L. spoke to KDCF as part of an abuse investigation. (ROA. Vol. I at 12). D.L. is alleged to have told KDCF that his father lied to the police and threatened suicide if the child continued to take a prescribed medication. (ROA. Vol. I at 12). D.L. is also alleged to have told KDCF that a guardian ad litem threatened him that if he testified truthfully things would get worse for his mother. (ROA. Vol. I at 12).

Plaintiff filed a KORA request with KDCF seeking copies of the internal documents containing the allegations made by D.L. to KDCF. (ROA. Vol. I at 12). KDCF provided documents to Plaintiff, but she alleges that the documents were "incomplete, redacted, and misleading." (ROA. Vol. I at 12). Plaintiff then filed a KORA complaint with the OAG. (ROA. Vol. I at 12). Plaintiff alleges that the OAG summarily closed the KORA investigation without finding any KORA violations by KDCF. (ROA. Vol. I at 12).

2.      On April 2, 2025, Plaintiff filed a Complaint in the District Court of Kansas stating four claims under 42 U.S.C. § 1983 against the

Kansas Department for Children and Families, Kansas Attorney General's Office, Amanda Miranda, and Heather Dunz. (ROA. Vol. I at 11). Amanda Miranda and Heather Dunz were sued in their individual and official capacities. (ROA. Vol. I at 11). Plaintiff also purported to bring the claims on behalf of D.L. as next friend of her minor child. (ROA. Vol. I at 11). Count I alleges violations of Fourteenth Amendment due process rights against all of the defendants. (ROA. Vol. I at 14). Count II alleges First Amendment retaliation against KDCF and the individually named defendants. (ROA. Vol. I at 13). Count III alleges a *Monell* Claim[1] against KDCF and the OAG. (ROA. Vol. I at 14). Count IV alleges a Deprivation of Bodily Integrity and State-created danger claim against all defendants. (ROA. Vol. I at 15).

3.    Plaintiff was granted leave to proceed in forma pauperis in the district court case. (ROA. Vol. I at 3). On April 16, 2025, summons was issued for all of the defendants. (ROA. Vol. I at 3). On May 19, 2025, Defendants KDCF, Amanda Miranda, and Heather Dunz were granted a clerk's extension to June 2, 2025 to file their answer or otherwise plead.

---

[1] *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 694 (1978).

4

(ROA. Vol. I at 3). On May 28, 2025, a return of service was filed for service on Heather Dunz. (ROA. Vol. I at 4). On May 28, 2025, a return of service was filed for service on Amanda Miranda. (ROA. Vol. I at 4). On June 2, 2025, Defendants KDCF, Miranda, and Dunz filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 12(b)(1) for sovereign immunity. (ROA. Vol. I at 19-27). On June 6, 2026, Plaintiff filed her response in opposition to KDCF and the individual defendant's motion to dismiss. (ROA. Vol. I at 32-76).

4. On June 3, 2025, Plaintiff filed a motion for default judgment against the OAG. (ROA Vol. 1 at 28-31). On June 9, 2025, the OAG filed its motion to dismiss on the basis of sovereign immunity, qualified immunity, and Fed. R. Civ. P. 12(b)(4) & (5) for insufficient process and insufficient service of process. (ROA. Vol. I at 77-83). On June 6, 2026, the district court denied Plaintiff's motion for default judgment because there was a not a return of service on record for service on the OAG. On June 30, 2025, the OAG filed a second motion to dismiss for lack of service. (ROA Vol. I at 90-93). On July 16, 2025, Defendant OAG filed a third motion to dismiss for lack of standing. (ROA Vol. I at 101-104).

5. On July 23, 2025, Plaintiff filed her renewed motion for default judgment against the OAG. (ROA. Vol. I at 107-111). On October 2, 2025, Plaintiff filed her supplemental brief in support of her motion to dismiss and attached exhibits for nine other KORA complaints Plaintiff filed with the OAG. (ROA Vol. I at 122-140).

6. On October 9, 2025, the District Court entered an Order granting the OAG's first motion to dismiss on the basis of sovereign immunity. (ROA. Vol. I at 147-153). The District Court also dismissed KDCF on the basis of sovereign immunity, but took dismissal under advisement as to Defendants Miranda and Dunz. (ROA. Vol. I at 152). Plaintiff was afforded an opportunity to restate the claims against the individual defendants and was given until October 30, 2025, to file an amended petition against them. (ROA. Vol. I at 152).

7. On October 9, 2025, Plaintiff filed a notice of interlocutory appeal, docketed as Case No. 25-3182. (ROA. Vol. I at 7). On November, 4, 2025, the appeal was dismissed for lack of jurisdiction. (ROA Vol. I at 199-201).

8. On October 29, 2025, Plaintiff filed an amended complaint that restated claims against all defendants and asserted new ones as

well. (ROA. Vol. I at 8). On November 17, 2025, the District Court entered a text order striking the amended complaint for failing to comply with the Court's previous order to only file an amended complaint against Defendants Miranda and Dunz. (ROA. Vol. I at 9, 209). In the text order, the Court gave the Plaintiff a final opportunity to file an amended complaint with a deadline of December 1, 2025. (ROA. Vol. I at 9, 209).

9.     On November 24, 2025, the District Court entered an order denying seven motions filed by the Plaintiff as frivolous and without merit. (ROA. Vol. I at 249-254). In the same order, the District Court cautioned Plaintiff that if she continued to file frivolous and meritless motions, then the court would consider imposing filing restrictions and sanctions. (ROA. Vol. I at 254).

10.    On December 1, 2025, Plaintiff filed another amended complaint. (ROA. Vol. I at 255-301). And again, Plaintiff's amended complaint stated claims on behalf of D.L. as next of friend in violation of the District Court's previous Order. (ROA. Vol. I at 255-301). On December 11, 2025, the District Court entered an order dismissing the case. (ROA. Vol. I at 302-305). In the Order, the District Court referenced Fed. R. Civ. P. 41(b), which grants a judge the authority to dismiss a case,

7

"[i]f the plaintiff fails to . . . comply with . . . a court order." (ROA. Vol. I at 304). The District Court dismissed the case without prejudice and granted Defendants Miranda and Dunz's motion to dismiss that was previously taken under advisement. (ROA. Vol. I at 305). On December 11, 2025, a judgment was entered based upon the District Court's Order entered on the same day. (ROA. Vol. I at 306). Plaintiff filed her notice of appeal on December 11, 2025. (ROA Vol. I at 307).

## SUMMARY OF ARGUMENT

The OAG is entitled to sovereign immunity on Counts I, III and IV of Plaintiffs' Complaint,[2] which are all brought under 42 U.S.C. § 1983. Plaintiff's request for relief included compensatory damages, special damages, punitive damages, costs, and attorney fees. Sovereign immunity, also referred to as Eleventh Amendment Immunity, bars suits against a State by its own citizens. The OAG is an agency of the State of Kansas. Sovereign Immunity applies to the agencies of a State. States are entitled to immunity unless it is waived or abrogated by an act of Congress. The State of Kansas has not waived immunity to be sued in

---

[2] Count II is against KDCF and the individually named defendants only. (Cite)

this case. Congress has not abrogated sovereign immunity under 42 U.S.C. § 1983, and States are not persons that fall within the scope of 42 U.S.C. § 1983. The *Ex Parte Young* exception does not apply as that exception only applies to suits against state officials in their individual capacity. The District Court properly determine OAG is entitled to sovereign immunity and did not abuse its discretion when it denied Plaintiff's motion for default judgment.

The District Court did not err or abuse its discretion when it denied the various motions of the Plaintiff under the Court's inherent power because the Plaintiff's Motions were frivolous and without merit.

The District Court did not commit err or abuse its discretion when it dismissed the Plaintiff's case for failure to comply with court orders under Fed. R. Civ. P. 41(b). Plaintiff was provided with a warning that if she persisted in refusing to comply with the District Court's orders that her case would be dismissed. Plaintiff filed an amended complaint that continued to bring claims on behalf of her minor child in violation of the District Court's previous Order. The District Court did not abuse its discretion when it dismissed the action without prejudice.

# ARGUMENT

The issue of Eleventh Amendment sovereign immunity is a question of law that is reviewed *de novo. See Cornforth v. Univ. of Oklahoma Bd. Of Regents,* 263 F.3d 1129, 1131 (10th Cir. 2001) ("Questions involving Eleventh Amendment immunity are questions of law that this court reviews *de novo*); *see also Colby v. Herrick,* 849 F.3d 1273, 1276 (10th Cir. 2017) ("On the issue of Eleventh Amendment immunity, we engage in *de novo* review.").

Denial of a motion for default judgment is reviewed for abuse of discretion. *See Ashby v. Mckenna,* 331 F.3d 1148 (10th Cir. 2003); *see also Bixler v. Foster,* 596 F.3d 751, 761 (10th Cir. 2010) ("We review for an abuse of discretion the district court's denial of a motion for default judgment.")

Plaintiff brought four claims under 42 U.S.C. § 1983 in her complaint, and three of those claims are stated against Defendant OAG. (ROA Vol. I at 11-17). Defendant OAG filed a motion to dismiss on various grounds, including Eleventh Amendment sovereign immunity. (ROA Vol. I at 77-83). Plaintiff filed a motion seeking default judgment against the OAG under Fed. R. Civ. P. 55, alleging OAG had filed its

motion to dismiss outside of the time available under Fed. R. Civ. P. 12(a). (ROA Vol. I at 107-111). The district court properly granted OAG's motion to dismiss on the grounds of sovereign immunity and dismissed OAG's separately filed motions to dismiss for lack of standing and improper service as moot. (ROA Vol. I at 147-153). The District Court also denied Plaintiff's motion for default judgment against OAG as moot. (ROA Vol. I at 147-153).

Plaintiff filed an amended complaint that restated the previous claims and included new ones against dismissed Defendant OAG. (ROA Vol. I at 67). Additionally, Plaintiff filed a variety of motions alleging fraud on the court, seeking recusal of the district judge, alleging retaliation and bias by the district judge, alleging financial entanglement, and requesting suspension of dispositive motions. (ROA Vol. I at 141-146, 187-196, 199-208, 211-248). The District Court denied these motions as meritless and frivolous. (ROA Vol. I at 249-254). Furthermore, the District Court cautioned Plaintiff that if she continued to file meritless and frivolous filing in violations of the court orders, then the court may impose filing restrictions and sanctions. (ROA Vol. I at 249-254). Plaintiff filed another amended petition that violated the

Court's previous orders by stating claims on behalf of her minor child. (ROA Vol. I at 255-301). The District Court granted the motion to dismiss previously taken under advisement as to the individual defendants and also dismissed under Fed. R. Civ. P. 41(b) for failure to comply with court orders. (ROA Vol. I at 302-305).

Plaintiff's claims against Defendant OAG were properly dismissed as barred by Eleventh Amendment sovereign immunity. Plaintiff has not briefed the dismissal of the OAG. Rather, the Plaintiff is appealing the District Court's denial of her motion for default judgment against the OAG. The District Court's denial was proper because it determined sovereign immunity deprived the Court of jurisdiction to hear the claims against the OAG. Defendant OAG properly raised sovereign immunity because as a jurisdictional issue, it can be raised at any point, including on appeal. Even if OAG's motion to dismiss was untimely or the defense of insufficient service was waived, the district court still would have dismissed the claims on the basis of sovereign immunity under 28 U.S.C. 1915(e)(2)B(ii),(iii). (ROA Vol. I at 150 fn. 4).

The District Court did not err or abuse its discretion when it dismissed Plaintiff's case under Fed. R. Civ. P. 41(b) for failure to follow

the court's orders. The District Court provided Plaintiff with the opportunity to amend her complaint to restate the claims she had against the individual defendants in the case. (ROA Vol. I at 147-153). Plaintiff intentionally refused to comply with the District Court's Order and filed an amended complained that continued to assert claims on behalf of her minor child. (ROA Vol. I at 255-301).

## I.   Appellant Brief errors.

As an initial matter, and after close review of Plaintiff's Appellant Brief, the OAG believes it necessary to illustrate how nearly all of Plaintiff's purported authorities she relies upon have been, at best, grossly misrepresented; and at worst, Plaintiff has provided at least one outright nonexistent case.

First, Plaintiff alleges that "Canady v. J.B. Hunt Transp., Inc., 970 F. Supp. 2d 945, 948 (D. Kan. 2013)" held a "timely response is mandatory absent motion for extension." (Doc. 35 at 4). However, this is a nonexistent case. Counsel was able to locate two potential cases that Plaintiff may have intended to cite to, but neither case discussed default judgments or motions for extension of time. *See generally Hawkins Const.*

*Co. v. Peterson Contractors, Inc.*, 970 F. Supp. 2d 945 (D. Neb. 2013); *Canady v. J.B. Hunt Transp., Inc.*, 970 F.2d 710 (10th Cir. 1992).

Next, Plaintiff alleges that the District Court struck or denied several of her motions for procedural defects, which illustrated "asymmetrical enforcement of procedural rules, violating due process and equal protection, particularly for a pro se ADA-protected litigant." (Doc. 35 at 4). In support of this statement, Plaintiff cites to two Supreme Court opinions; however, neither case supports her allegations nor discusses unfair enforcement of procedural rules against a pro se plaintiff. *See generally Foman v. Davis*, 371 U.S. 178, 179 (1962) (noting both parties were represented by counsel); *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (finding pro se plaintiff alleged sufficient facts to survive motion to dismiss).

Next, Plaintiff alleges that under Rule 60(d)(3), "[f]raud upon the court is a structural defect that can be raised at any time." (Doc. 35 at 7) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), *abrogated by, Standard Oil Co. of California v. U.S.*, 429 U.S. 17, 18 n.2 (1976) (discussing previous appellate-leave requirement to seek relief under Rule 60(b))). However, the court in *Hazel* dealt with an

14

independent Rule 60(b) action to set aside a previous judgment and had to determine whether appellate-leave was required since "[e]quitable relief against [a] fraudulent judgment is not of statutory creation." *See Hazel*, 322 U.S. at 248.

Next, Plaintiff alleges "[f]raud by officers of the court affecting the integrity of the proceeding must be adjudicated, even post-dismissal." (Doc. 35 at 7) (citing *Great Coastal Express Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349 (4th Cir. 1982)). However, in *Great Coastal*, the Fourth Circuit Court of Appeals found that the conduct of Great Coastal's officers and employees offering perjured testimony did not constitute "fraud upon the court" within meaning of Rule 60(b). *See Great Coastal*, 675 F.2d at 1355-56 (noting that "'fraud on the court' is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.")

Next, Plaintiff alleges the "district court never acknowledged or ruled on any ADA claim," which she believes runs afoul of the "mandate in Tennessee v. Lane, 541 U.S. 509 (2004) and the effective communication requirement under 28 C.F.R. § 35.160." (Doc. 35 at 5).

However, nothing in the *Tennessee* case nor 28 C.F.R. § 35.160 allows Plaintiff to assert claims on behalf of her child unless she is represented by counsel, as explained to her by the district court. (App. Vol. 1 at 9 pg. 152); *see generally Tennessee*, 541 U.S. at 530-34 (concluding Title II of the ADA, as applied to cases implicating the right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment.")

Next, Plaintiff states that "[f]ailure to rule on disqualification motions violates due process. See *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847 (1988). In *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009), the Supreme Court held that even the appearance of bias requires disqualification." (Doc. 35 at 5). However, neither statement is supported by the case-law Plaintiff cites. *See generally Liljeberg*, 486 U.S. at 865 n.12 (explaining failure to recuse may, in some circumstances, violate an appellant's due process rights); *Capterton*, 556 U.S. at 884 (concluding that "there is a serious risk of actual bias—based on objective and reasonable perceptions—when a person with a personal stake in a particular case had a significant and disproportionate influence in

placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent.")

Next, Plaintiff asserts that the underlying dismissal without prejudice "was functionally final and deprived [Plaintiff] of her right to due process, jury trial, and statutory remedies under 42 U.S.C. § 1983, ADA Title II, and the First and Fourteenth Amendments." (Doc. 35 at 5). However, neither case cited by Plaintiff even discusses this argument. *See generally Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 499-502 (2001) (discussing "whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits."); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 213 (1995) (determining whether a section of the Securities Exchange Act of 1934 violated the "Constitution's separation of powers or the Due Process Clause of the Fifth Amendment.")

Lastly, Plaintiff states this Court "may consider post-judgment retaliation when it confirms a continuing pattern of harm relevant to preserved issues. *See Teahan v. Metro-North Commuter R.R. Co.*, 951 F.2d 511 (2d Cir. 1991) (allowing post-judgment conduct to inform

17

injunctive and equitable relief).” (Doc. 35 at 6). However, the Second Circuit Court of Appeals never discussed retaliation or injunctive and equitable relief in *Teahan*. *See generally Teahan*, 951 F.2d at 513-14.

The above instances of nonexistent cases, misrepresented holdings, or otherwise incorrect citations make up the great majority of the authorities cited by Plaintiff in her Appellant Brief. Defendant OAG had to spend considerable time verifying citations, closely checking parentheticals, and otherwise investigating what turned out to be a multitude of misrepresentations made to this Court.

## II. Defendant OAG is entitled to Sovereign immunity on Plaintiff’s claims against the OAG, the OAG was properly dismissed from the case, and default judgment was properly denied.

As the District Court recognized, Counts I (Fourteenth Amendment due process claim), II (*Monell* claim), and IV (State-created danger claim) of Plaintiff’s complaint all appear to involve a child protection investigation involving KDCF. (ROA. Vol. I at 2.) Plaintiff submitted a KORA request for the full record and documentation of abuse reported to KDCF. (ROA. Vol. I at 2). KDCF is alleged to have produced redacted and incomplete records in response to Plaintiff’s KORA request. (ROA. Vol. I

at 12). Plaintiff submitted a KORA complaint against KDCF to the OAG. (ROA. Vol. I at 12). Plaintiff alleges the OAG summarily denied any wrongdoing by KDCF, despite there being evidence of omissions and concealment. (ROA. Vol. I at 12). The District Court correctly dismissed these claims against Defendant OAG on the basis of sovereign immunity. (ROA. Vol. I at 147-153). The Court also correctly denied as moot Plaintiff's request for default judgment against Defendant OAG. (ROA Vol. I at 147-153)

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). "[T]he burden of establishing the [waiver] rests upon the party asserting jurisdiction,"

which in this case, is Plaintiff. *See Pohl. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### A. Sovereign Immunity bars the complaint.

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974)). "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Id.* As such, the OAG shares the state's immunity from suits against them as an agency of the state. "[O]nce effectively asserted[,] [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Id.*

> But Eleventh Amendment immunity is not absolute. *See Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990). There are three exceptions. First, a state may consent to suit in federal court. *Id.* Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. *See Va. Office for Prot. & Advocacy,* 131 S.Ct. at 1638 & n. 2. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief. *Verizon Md. Inc.*

> *v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002).

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).

None of the exceptions outlined in *Muscogee* apply in the current case.

### 1. Kansas has not consented to suit or waived sovereign immunity.

Kansas has not consented to be sued in federal court under § 1983 or otherwise waived sovereign immunity in the current case. "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *U.S. v. Mitchell,* 445 U.S. 535, 538 (1980) (citing *United States v. King,* 395 U.S. 1, 4 (1969)). When reviewing for waiver, the United States Supreme Court outlined, "the principle that a waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Orff v. U.S.,* 545 U.S. 596, 601-602 (2005). In the District Court, Plaintiff did not assert waiver.[3] It could be inferred that Plaintiff is insinuating

---

[3] Plaintiff briefly outlined arguments for waiver in her response to KDCF's motion to dismiss but stated waiver is, "not explicitly argued yet," and "the Court need not find a general waiver here because the above doctrines suffice to keep the case alive." (App. Vol. 1 at 43-44). Plaintiff does not raise waiver in her Response to OAG's Motion to Dismiss, instead she, "invokes the doctrine of *Ex parte Young.*" (App. Vol. 1 at 87). The District Court did not analyze waiver, stating, "Plaintiff does not assert waiver." (App. Vol. 1 at 150).

waiver in seeking a review of her requested default judgment against the OAG. (Doc. 35 at 4). As discussed further below, sovereign immunity is jurisdictional in nature and can be raised at any time.

**2. Congress has not abrogated Kansas' sovereign immunity under § 1983.**

State agencies do not count as "persons" amenable to suit under § 1983, and neither do state officials sued in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-67, 71 & n.10 (1989). Plaintiff does not argue that Congress has abrogated States' sovereign immunity under § 1983. Rather, she acknowledges in her Response to KDCF's Motion to Dismiss, "DCF and the AG's office (as entities) cannot be sued for damages under § 1983." (ROA. Vol. I at 43). Plaintiff goes on to say, "Plaintiff's § 1983 damages claims against KDCF and AG's Office as entities may be subject to dismissal or conversion to official-capacity claims for injunctive relief, since state agencies are not § 1983 [']person['] for damages. Plaintiff acknowledges that and would consent to the substitution of appropriate officials or other adjustments rather than a dismissal." (ROA. Vol. I at 44). Plaintiff has not argued that § 1983

22

abrogates a State's sovereign immunity and the issue is not preserved for appeal.

### 3. The *Ex parte Young* exception does not apply.

Plaintiff does argue that in the District Court she can pursue her claims against the OAG under the *Ex parte Young* exception to sovereign immunity. (ROA. Vol. I at 41 and ROA. Vol. I at 87). However, that issue is not raised in her appellate brief and is waived or abandoned. *See Burke v. Regaldo,* 935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are deemed abandoned or waived.")

*Ex parte Young* is a narrow exception to sovereign immunity that allows a plaintiff to seek prospective relief against a state official for ongoing violations of federal law under the doctrines set forth in *Ex parte Young* and its progeny. *See Muscogee*, 669 F.3d at 1166 (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)); *see generally Ex parte Young*, 209 U.S. 123 (1908)). The Eleventh Amendment bars claims for "retrospective declaratory relief" against state officials but "does not prohibit a suit in federal court to enjoin prospectively a state official from violating federal law." *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon,* 535 U.S. at 645 (citing *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261 (1997)). The Tenth Circuit has provided an outline for such an inquiry, stating, "for the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee,* 669 F.3d at 1167.

Here, Plaintiff brought her claim against the OAG. (App. Vol. 1 at 11-12). On the face of Plaintiff's Complaint, it is clear that she was suing the OAG as an agency. (App. Vol. 1 at 11-12). This is further supported by the fact that for KDCF, Plaintiff named the agency and individual officials at the agency separately. (ROA. Vol. I at 11-12). The District Court reached the same conclusion in its order dismissing Defendant OAG, stating, "The State of Kansas and its agencies are not persons and cannot be sued under section 1983," and "Plaintiff's request for injunctive relief against the state's agencies is accordingly subject to dismissal."

(ROA. Vol. I at 150). This dismissal covered bother agencies sued in the litigation, OAG and KDCF. (ROA. Vol. I at 150).

**B.** **Default Judgment was not appropriate because the District Court lacked jurisdiction due to sovereign immunity.**

In Plaintiff's opening brief, she lists five issues she seeks review of on appeal. (Doc. 35 at 4). The first is whether the District Court committed error by failing to grant her Renewed Motion for Default Judgment against Defendant OAG. (Doc. #35 pg. 4 and ROA. Vol. I at 107). The District Court correctly denied Plaintiff's request for default judgment as moot because it correctly ruled it lacked jurisdiction due to Eleventh Amendment sovereign immunity.

**1.** **There is no right to default judgment.**

Fed. R. Civ. P. 55 allows a court to enter default judgment against a party that "has failed to plead or otherwise defend." However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.,* 82 F. Supp. 1235, 1242 (D. Colo. 2015).

Plaintiff filed motions for entry of clerk's default and default judgment that were dismissed by the District Court because the Court's docket did not reflect that service upon the OAG had been returned executed. (ROA. Vol. I at 5). Plaintiff renewed her motion for default judgment after a previous motion was dismissed. (ROA. Vol. I at 7, 107-111). Plaintiff's renewed motion was filed after OAG filed its motion to dismiss and raised sovereign immunity as a defense. (ROA. Vol. I at 7, 107-111).). The District Court correctly resolved the issue of sovereign immunity prior to issuing a ruling on Plaintiff's motion for default judgment. The District Court did not abuse its discretion in addressing the matters in this order, especially given that sovereign immunity is a jurisdictional question that requires resolution before the entry of default judgment.

### 2. Sovereign Immunity is jurisdictional.

Sovereign immunity is a bar to litigation in federal court. *See Williams* 928 F.3d at 1212. "This bar is jurisdictional." *K.A. v. Barnes,* 134 F.4th 1067, 1073 (10th Cir. 2025). "It encompasses not just suits against the State itself but also suits against "governmental entities that are arms of the state." *Id.*

"The Tenth Circuit has instructed district courts to assess their subject matter jurisdiction and personal jurisdiction before granting default judgment." *Morris v. Khadr,* 415 F.Supp.2d 1323, 1331 (D. Utah 2006); *see also Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp.,* 115 F.3d 767 (10th Cir. 1997); *Regional*, 82 F. Supp at 1241 ("In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendants.") "As a result, the court holds that, when inquiring into its subject matter jurisdiction before entering default judgment, the court should require only a prima facie showing that subject matter jurisdiction exists." *Morris*, 415 F.Supp.2d at 1332. While the court is not obligated to review for Eleventh Amendment issues *sua sponte*, it has discretion to do so. *See Nelson v. Geringer,* 295 F.3d 1082, 1098 n.16 (10th Cir. 2002). Defendant OAG believes it is similarly appropriate to review Eleventh Amendment issues when undertaking analysis of jurisdiction on a motion for default judgment.

Here, a *sua sponte* would not be necessary because the OAG raised the issue of sovereign immunity in its motion to dismiss. (ROA. Vol. I at 79). As stated in *Morris,* the District Court was required to assess

jurisdictional issues before entering default judgment. The District Court properly determined that it lacked jurisdiction over the claims against the OAG due to sovereign immunity. The District Court did not abuse it discretion denying Plaintiff's motion for default judgment.

### 3. Sovereign Immunity can be raised at any time.

Sovereign immunity, "may be raised at any time, even on appeal for the first time." *U.S. ex rel. Burlbaw v. Orenduff,* 548 F.3d 931, 942 (10th Cir. 2008). Plaintiff alleges the OAG failed to timely respond to her complaint and thus, under Fed. R. Civ. P. 55, default judgment was proper. As stated above, under *Morris* the District Court was required to assess jurisdiction prior to entering default judgment. The OAG did raise sovereign immunity as a defense, and timeliness is not an issue as the defense can be raised at any time. *Burlbaw,* 548 F.3d at 942. Sovereign immunity can be waived. *Id.* at 942. While it is true that, "[u]nless the State raises the matter, a court can ignore it," this did not occur in this case. *See Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 389 (1998). The OAG properly raised sovereign immunity and it was appropriate, and required, procedure for the District Court to address the issue before entering default judgment. (ROA Vol. I at 79-80).

**4. A District Court may dismiss a case under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) if it determines it lacks jurisdiction.**

Plaintiff proceeds in forma pauperis on this appeal, as she did in the District Court. (Doc. 18). As such, her Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), and (iii), which requires that, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

Here, the District Court stated in a footnote included with its Order dismissing this case that even if the OAG's filing were untimely, it would have exercised its discretion to deny the request for default judgment and dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). (ROA Vol. I at 150 fn. 4).

**5. The District Court correctly denied Plaintiff's request for default judgment as moot after determining it lacked jurisdiction because of sovereign immunity.**

Plaintiff's brief does not establish a legal basis to challenge the District Court's denial of her request for default judgment against the

OAG once the District Court determined that it lacked jurisdiction because of sovereign immunity. In her briefing for the first issue, Plaintiff cites to three cases. (Doc. 35 at 4). The first is cited as *Canady v. J.B. Hunt Transp., Inc.*, 970 F. Supp. 2d 945, 948 (D. Kan. 2013), but based upon Defendants review this is not a proper citation. *Canady v. J.B. Hunt Transp., Inc.,* 970 F.2d 710 (10th Cir. 1992) is a case, but the ruling in the case addresses the sufficiency of evidence presented at trial and the award of punitive damages. Plaintiff cites the case in reference to Fed. R. Civ. P. 55 and includes in parenthesis, "holding timely response is mandatory absent motion for extension." (Doc. 35 at 4). However, the case is a labor and employment case in which undersigned counsel could not find a reference to either Fed. R. Civ. P. 55, the phrase included by Plaintiff, or anything similar to that phrase in the case. The citation 970 F. Supp. 2d 945 is to *Hawkins Const. Co. v. Peterson Contractors, Inc.,* 970 F. Supp. 2d 945 (D. Neb. 2013). That case is a construction and insurance case. Similarly, undersigned counsel could not find the references included in briefing within the text of the case.

### III. The Court did not err by utilizing its inherent power to deny Plaintiff's frivolous motions.

The imposition of sanctions under a district court's inherent powers is reviewed for abuse of discretion. *United States v. Akers,* 76 F.4th 982, 991 (10th Cir. 2023). "Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." *Clark v. C.I.R., 744* F.2d 1447 (10th Cir. 1984).

Here, Plaintiff is very litigious, against both opposing parties and toward the courts she appears in. (ROA Vol. I at 250-251). The District Court denied a number of the motions filed by Plaintiff in two cases before it, Case No. 25-CV-02171-JWB-TJJ and 25-CV-02251-JWB-TJJ, on January 6, 2026. (ROA Vol. I at 249-254). The District Court denied the motions as "wholly frivolous, vexations, and without merit." (ROA Vol. I at 254). The Order also stated, "Plaintiff is put on notice that if she files another motion deemed to be frivolous and without merit, the court will summarily deny the motion by minute order. The court will also consider imposing filing restrictions and sanctions." (ROA Vol. I at 254). It appears the Court is relying on its inherent authority, although it does

not specify in the Order. However, the District Court did allude to its inherent authority when it cautioned Plaintiff that sanctions could be imposed if she continued to file frivolous motions. (ROA Vol. I at 254). It was not an abuse of discretion for the District Court to dismiss Plaintiff's frivolous motions under its inherent powers. The District Court did not error and to the extent the Plaintiff seeks review of the denial of her motions in the District Court, the District Court's rulings should be affirmed.

## IV. The Court did not err by dismissing Plaintiff's case under Fed. R. Civ. P. 41(b).

Dismissal under Fed. R. Civ. P. 41(b) is reviewed for abuse of discretion standard. *Nasious v. Two Unknown B.I.C.E Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1161 (2007). Fed. R. Civ. P. 41(b) allows for dismissal for failure, "to comply with these rules or a court order."

> Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.

*Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Here, Plaintiff's Complaint included claims brought on behalf her minor child. (ROA Vol. I at 12). The District Court explained to Plaintiff that, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." (ROA Vol. I at 149) (citing *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir. 1986)). Plaintiff was informed that the claims were "subject to dismissal." (ROA Vol. I at 149). The District Court took under advisement Plaintiff's claims against the individual defendants. (ROA Vol. I at 152). Plaintiff was ordered to file an amended complaint that complied with the Court's Order. (ROA Vol. I at 152).

On October 29, 2025, Plaintiff filed an amended complaint. (ROA Vol. I at 8). On November 17, 2025, the District Court struck the amended complaint for failing to comply with the Court's previous orders. (ROA Vol. I at 209). The Court's text entry stated, "if the amended complaint does not comply with the directives in the court's prior order (Doc. 48), this matter will be dismissed without further notice." (ROA Vol. I at 209).

On December 1, 2025, Plaintiff filed another amended complaint. (ROA Vol. I at 255). In the amended complaint, Plaintiff continued to assert claims on behalf of her minor child. (ROA Vol. I at 255-301). On

December 11, 2025, the District Court dismissed the action under Fed. R. Civ. P 41(b) due to "Plaintiff's intentional defiance of reasonable order in this case," and because, "waning Plaintiff has proven ineffective." (ROA Vol. I at 305).[4] Importantly, the dismissal was without prejudice. (ROA Vol. I at 305). The case was dismissed without prejudice, and therefore the *Ehrenhouse* factors for the harsher sanction of dismissal without prejudice do not need to be met. (ROA Vol. I at 305); *see Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992).

The District Court did not abuse its discretion in dismissing Plaintiff's action without prejudice under Fed. R. Civ. P. 41(b), and the District Court's judgment should be affirmed.

## CONCLUSION

The District Court's Order denying Plaintiff's motion for default judgment should be affirmed. The District Court properly dismissed OAG due to sovereign immunity, which made the motion for default judgment moot.

---

[4] The district court also dismissed the claims against individual defendants Miranda and Dunz in this order, granting their motion to dismiss that was previously taken under advisement.

The District Court's Order dismissing Plaintiff's frivolous motions should be affirmed as it properly dismissed them under the Court's inherent authority.

The District Court's judgment dismissing the action without prejudice under Fed. R. Civ. P. 41(b) should be affirmed, because Plaintiff refused to comply with the District Court's previous orders.

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Defendant OAG requests oral argument because of the important legal issues at stake and because it believes that oral argument will materially assist the Court in resolving these questions.

Respectfully submitted,

KRIS W. KOBACH
Kansas Attorney General

/s/ James Eric Todd
James Eric Todd
  *Assistant Attorney General*
Scott G. Nading
  *Assistant Attorney General*
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612-1597
(785) 296-2215
James.todd@ag.ks.gov
Scott.nading@ag.ks.gov

*Attorneys for Defendant*
*OAG/Appellee*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 6,988 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(b), as calculated by the word-counting function of Microsoft Word.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface—14-point Century Schoolbook—using Microsoft Word.


**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, the foregoing BRIEF OF DEFENDANT/APPELLEE was electronically filed with the Clerk of the Tenth Circuit Court of Appeals using the CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


DATED: March 10, 2026          /s/ James Eric Todd

# ATTACHMENTS

## 10th Cir. R. 28.2(A) Attachments

Addendum A..........District Court Order (Doc. 48)

Addendum B..........District Court Order (Doc. 73)

Addendum C..........District Court Order (Doc. 76)

Addendum D..........Judgment (Doc. 77)

## Fed. R. App. P. 28(f) Attachments

Addendum E..........Fed. R. Civ. P. 41

**Addendum A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON[1],

      Plaintiff,

v.                                                                Case No.  25-2171-JWB

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss.  (Docs. 11, 17, 22, 29.) The motions are fully briefed and ripe for decision.  (Docs. 16, 19, 24, 25.)  After review, Defendants' motions are GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART for the reasons stated herein.

I.    **Facts**

The facts set forth herein are taken from Plaintiff's complaint.  (Doc. 1.)[2]  Plaintiff brings this action under 42 U.S.C. § 1983[3] against Defendant state agencies Kansas Department for Children and Families ("DCF") and the Kansas Attorney General's Office ("AG's Office").  She

---

[1] The court notes that Plaintiff has several pending actions that are presently before the undersigned.  In one of those matters, on August 25, 2025, Plaintiff filed a "Notice Regarding Judicial Complaint and Renewed Request for Protective Reassignment."  *See Lawson v. Godderz*, Case No. 25-2199, Doc. 25 (D. Kan. 2025).  According to the notice, Plaintiff's judicial complaint to the Tenth Circuit was filed due to the undersigned's rulings in Plaintiff's cases. Plaintiff also included an exhibit which identifies adverse rulings in both her federal and state cases.  Notably, only one ruling identified was issued by the undersigned.  The remaining rulings in the federal cases were issued by the magistrate judge.  In any event, although Plaintiff filed a judicial complaint against the undersigned and it remains pending before the Tenth Circuit, this court finds that the judicial complaint is frivolous as it merely complains of an adverse ruling against Plaintiff which is not a basis to find improper judicial conduct.  Therefore, the court will proceed to rule on pending motions in this case as there is no basis for the undersigned to recuse from this matter at this time.
[2] Although Plaintiff includes an exhibit list with her complaint identifying sixteen exhibits, there are no exhibits attached to the complaint.  (Doc. 1.)
[3] Plaintiff's response to the motion to dismiss indicates that she has brought a claim under the Americans with Disabilities Act.  (Doc. 16 at 3.)  Her complaint does not state such a claim.

1

also brings claims against DCF employees Amanda Miranda and Heather Dunz in their individual and official capacities.  Plaintiff brings this action on behalf of herself and her minor child.

The allegations at issue appear to involve child protection investigations by DCF regarding Plaintiff's child.  Plaintiff alleges that her son told DCF officials that his father lied to police during an abuse investigation, that his father threatened suicide if the child continued taking his medication, and that the guardian ad litem appointed in the case told the child to refrain from testifying truthfully in court proceedings.  (Doc. 1 at 2.)  Plaintiff also alleges that the child's statements were documented by DCF but concealed from Plaintiff.  She filed a formal request under the Kansas Open Records Act for the records.  In response, Plaintiff contends that DCF produced incomplete, redacted, and misleading records.  Plaintiff argues that she was "subjected to retaliation and obstruction by DCF staff" after she requested the records.  (*Id.*)  As a result, Plaintiff was excluded from proceedings involving her child, which caused Plaintiff to suffer emotional distress and her child to suffer trauma.

Plaintiff's § 1983 claims include a violation of her right to due process by Defendants' failure to notify her of abuse disclosures, falsifying records, and refusal to disclose records; a first amendment retaliation claim against all Defendants; a *Monell* claim against DCF and AG's Office; and state created danger claim against all Defendants.  Defendant DCF moves for dismissal on the basis of sovereign immunity and failure to state a claim.  The individual Defendants move for dismissal on the basis that Plaintiffs' complaint fails to state a claim and that the official capacity claims against them should be dismissed on sovereign immunity.  Defendant AG's Office moves for dismissal on sovereign immunity, insufficient service, and lack of standing.

## II.    Standard

To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  In reviewing a motion to dismiss, all well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.    Analysis

### A.  Minor Child

At the outset, the court first addresses Plaintiff's claims brought on behalf of her minor child.  "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  Therefore, any claims on behalf of Plaintiff's child are subject to dismissal.

### B.  Immunity

Next, both DCF and the AG's Office move for dismissal on the basis of sovereign immunity.  The Eleventh Amendment bars suits against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).  The immunity applies equally to state agencies. *Fla. Dep't*

*of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981).  States are entitled to immunity unless that immunity has been waived.  A state will be deemed to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction."  *Edelman*, 415 U.S. at 673.  The State of Kansas has not waived its immunity to be sued here.  *See Lee v. McManus*, 589 F. Supp. 633, 638 (D. Kan. 1984).  Plaintiff does not assert waiver; rather, Plaintiff argues that sovereign immunity does not apply to prospective relief and she is seeking injunctive relief against the agencies.  Plaintiff asserts that her claims against the agencies can survive under the *Ex Parte Young* doctrine.

The *Ex Parte Young* doctrine would allow Plaintiff to bypass sovereign immunity for prospective injunctive relief.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).  However, this exception only applies to suits against "state officials, rather than the state itself[.]"  *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001).  The State of Kansas and its agencies are not "persons" and cannot be sued under section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  Plaintiff's request for injunctive relief against the state's agencies is accordingly subject to dismissal.

Therefore, Defendant AG's Office's first motion to dismiss (Doc. 17) is granted.  The remaining motions to dismiss field by Defendant AG's Office are moot (Docs. 22, 29).[4]  Defendant DCF's motion to dismiss (Doc. 11) is granted as to that entity.

---

[4] Although Defendant AG's Office moved to dismiss on the basis of a lack of standing, the court declines to address this issue due to the ruling herein and because the argument was narrowly tailored and did not address all claims.  This ruling also results in a denial of Plaintiff's motion for default judgment (Doc. 34) against Defendant AG's Office.  The court notes that even if the responsive pleading filed by Defendant AG's Office was untimely or the defense of insufficient service of process was waived, the court would not have entered default judgment in this matter as the court would have exercised its authority to dismiss the action due to sovereign immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

## C. Individual Defendants

The individual Defendants move for dismissal on the basis that Plaintiff has failed to state a claim against them. Essentially, they argue that the complaint wholly fails to identify the actions they took and how they violated her constitutional rights. The court agrees.

"Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013). To state a claim under Section 1983, "'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676). Allegations generally referring to "Defendants" are "not sufficient to show how [an individual] 'might be individually liable for deprivations of [a plaintiff's] constitutional rights.'" *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff's factual allegations must sufficiently allege an affirmative link between the constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Plaintiff fails to allege the requisite personal participation as to Defendants Miranda and Dunz. The only allegations that relate to these Defendant are that they are "state officials responsible for executing, concealing, or failing to remedy the conduct described herein." (Doc. 1 at 2.) That is entirely conclusory and insufficient to state a claim under § 1983.

In her response, Plaintiff requests leave to file an amended complaint should the court find her allegations deficient. (Doc. 16 at 4.)[5] The court is to "give leave to amend freely, especially

---

[5] The court notes that Plaintiff's response exceeds the page limits allowed by this court's local rule. D. Kan. 6.1. In the future, Plaintiff must comply with this court's rules on page limitations and other rules. The failure to comply may result in a filing being stricken from the record.

when the plaintiff is proceeding pro se." *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012). Plaintiff will be allowed an opportunity to amend her complaint against both individual Defendants. Plaintiff is cautioned to limit her claims to those individual Defendants as the court has determined that Plaintiff's complaint against DCF and the AG's Office must be dismissed. Further, Plaintiff cannot bring a claim on behalf of her child unless she is represented by counsel. To the extent Plaintiff's amended complaint asserts official capacity claims against the individual Defendants, those claims must be limited to prospective relief.

## IV.    Conclusion

Defendant AG's Office's motion to dismiss on the basis of sovereign immunity (Doc. 17) is GRANTED. The remaining motions to dismiss filed by Defendant AG's Office are MOOT. (Docs. 22, 29.) Further, Plaintiff's motion for default judgment (Doc. 34), application for clerk's entry of default (Doc. 42), and Plaintiff's objection[6] (Doc. 41) to Magistrate Judge James's order staying discovery pending a ruling on the motions to dismiss are DENIED AS MOOT.

The DCF Defendants' motion (Doc. 11) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART. Defendant DCF's motion to dismiss is GRANTED. The individual Defendants' motion is TAKEN UNDER ADVISEMENT. Plaintiff is to file an amended complaint on or before October 30, 2025. The amended complaint must comply with this order and Federal Rule of Civil Procedure 8(a). Should Plaintiff fail to file an amended complaint, this matter will be dismissed without further notice.

IT IS SO ORDERED. Dated this 9th day of October, 2025.

---

[6] Even if this objection is not moot due to the ruling herein, the court finds no error in the decision to stay this matter until a ruling on dispositive motions.

7

    s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

**Addendum B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

      Plaintiff,

v.                             Case No. 25-2171-JWB

KANSAS DEPARTMENT FOR CHILDREN
AND FAMILIES, KANSAS ATTORNEY
GENERAL'S OFFICE, AMANDA MIRANDA,
and HEATHER DUNZ, in their individual and
official capacities,

      Defendants.

---

ANGELIINA LYNN LAWSON,

      Plaintiff,

v.                             Case No. 25-2251-JWB

ANDREW BOLTON, THE BOLTON LAW
FIRM, LLC, DARRELL ROBINSON, NEISHA
MISER, MALIQUE TAYLOR, JENNIFER
AGREE, DAN LIVINGSTON, LIVINGSTON
CENTER, LLC, DR. RODNEY MCNEAL, and
BOARD OF COUNTY COMMISSIONERS OF
ANDERSON COUNTY, KANSAS,

      Defendants.

**MEMORANDUM AND ORDER**[1]

     In Case No. 25-2171-JWB, these matters are before the court on Plaintiff's motion to

certify interlocutory appeal under 28 U.S.C. § 1292(b) and motion to expedite ruling due to

---

[1] The two above-styled cases are not consolidated but are combined for the sake of judicial efficiency and due to the significant overlap between them.  Accordingly, this order is applicable to both cases.

1

prejudice from stay and judicial inaction (Doc. 45); Motion to disqualify Judge John W. Broomes and Magistrate Judge Teresa J. James under 28 U.S.C. § 455 (Doc. 53); notice of judicial financial entanglement and renewed motion to disqualify under 28 U.S.C. § 455(a) and (b)(4) (Doc. 56); motion to strike successive motions to dismiss rule 12(g)(2) (Doc. 66); "motion to adjudicate fraud upon the court (dkt. 28) and suspend all dispositive motion practice pending certification" (Doc. 68); emergency motion to vacate retaliatory order striking Plaintiff's complaint (Doc. 69); and supplemental rule 60(d)(3) notice judicial bias, default manipulation, and censorship of jury trial and (Doc. 71).  In Case No. 25-2251-JWB, these matters are before the court on Plaintiff's motion for protective reassignment under 28 U.S.C. §§ 292(b), 294 due to structural bias and ADA retaliation and objection to § 1915(e)(2) screening abuse (Doc. 15); motion for judicial disqualification, affidavit and protective reassignment under 28 U.S.C. §§ 455, 144, and 292(b) (Doc. 17); emergency order for temporary restraining order (Doc. 18); notice to preserve judicial independence and request for protective order against undue influence or interference (Doc. 23); motion to reassign case to out-of-district panel due to structural impairment and related enterprise litigation (Doc. 25); motion for judicial finding of fraud upon the court under rule 60(d)(3) (Doc. 26); and motion for rule 37(e) sanctions and certificate of enterprise-level evidence preservation violations (Doc. 27).  All of these motions are DENIED for the reasons stated herein.

Plaintiff has mercilessly carpet-bombed this court with filings in multiple cases, all largely centered on her dissatisfaction with child custody proceedings in Kansas state courts, as well as related activities by various state officials that, to one degree or another, stem from the underlying child custody battles.  *See*, *e.g.*, *Lawson v. Godderz et al.*, Case No. 25-1179-JWB; *Lawson v. Godderz et al.*, Case No. 25-2199-JWB; *Lawson v. Lawson*, Case No. 25-4045-JWB.  Out of these various proceedings, a general pattern has emerged that Plaintiff is unwilling to accept the

2

decisions of duly authorized judicial officers and other state officials, and when such officials rule against her or take some action against her, she adds those officials to the ever-expanding conglomerate of those who, in one form or another, have become the targets of her litigation tactics. *See*, *e.g.*, Case No. 25-2171-JWB, Docs. 12, 13, 34, 41, 42, 47; Case No. 25-2199-JWB, Docs. 24, 28, 29, 31; Case No. 25-1179-JWB, Docs. 4, 5, 7, 10, 18, 19, 20, 21, 25, 27, 28, 34.[2] When things did not go well in her state cases, it appears that she turned to the federal courts in Kansas to seek relief; however, as the federal judges working on her multitude of filings have repeatedly explained to one degree or another, the law generally does not allow dissatisfied litigants in state court to seek review of those state proceedings in the lower federal courts, which is especially true in child custody proceedings. *See*, *e.g.*, *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1111 (10th Cir.2000) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)) ("[I]t might be appropriate for the federal courts to decline to hear a case involving 'elements of the domestic relationship,' even when divorce, alimony, or child custody is not strictly at issue."); *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1267 (D. Kan. 2008) ("[C]hild custody proceedings are an especially delicate subject of state policy"); *Alfaro v. County of Arapahoe*, 766 F. App'x 657, 660 (10th Cir. 2019) (holding that the domestic-relations exception applied where the plaintiff asked the federal court to "scrutinize[ ]" the "legal merits" of "each order" in the state court divorce and child-custody proceedings); *Leathers v. Leathers*, No. 08–1213–WEB, 2010 WL 1936137, at *21 (D. Kan. May 13, 2010) (citing *Wigington v. McCarthy*, 124 F.3d 219 (10th Cir.1997)) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce,

---

[2] The court recognizes that Plaintiff, in the instant case, has been granted a third opportunity to amend her claims against Defendants Miranda and Dunz as she previously failed to comply with this court's order in filing her amended complaint. (Doc. 67.) The court does this because it recognizes that these claims differ in kind compared to Plaintiff's other cases where—through a barrage of filings—she seeks for this court to review state child custody proceedings, which, as this court has stated ad nauseum, it cannot do under the circumstances she requests.

3

alimony, and child custody decrees."); *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989) ("If the federal court is called upon to decide those issues regularly decided in state court domestic relations actions such as divorce, alimony, child custody, or the support obligations of a spouse or parent, then the domestic relations exception is applicable."); *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1361 (D. Kan. 1994) (holding that the domestic relations exception should be applied when plaintiff asks the federal district court to make domestic relations decisions under the guise of civil rights claims). Instead, litigants like Plaintiff must generally seek relief up through the Kansas appellate courts—all of which are fully capable of hearing and resolving her claims that the proceedings below violated her federal rights. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Moore v. Sims*, 442 U.S. 415, 425 (1979) (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977)) (emphasis in original) ("[T]he federal court should not exert jurisdiction if the plaintiffs 'had an opportunity to present their federal claims in the state proceedings.'"). Moreover, Plaintiff bears the burden of showing the state court was an inadequate forum for her federal claims, of which she has continually failed to do. *Texaco, Inc.*, 481 U.S. at 14. Plaintiff has not made the necessary showing that the state court is an inadequate forum. Further, Kansas courts may consider constitutional challenges to child custody proceedings on appeal. *See Fisher*, 531 F. Supp. 2d at 1266 (explaining that Kansas Court of Appeals can, and often does, address constitutional challenges to child custody procedures). Then, if Plaintiff fails even at the Kansas Supreme Court, she can seek review of her federal issues with the United States Supreme Court.

In spite of repeated efforts to explain these issues to her, Plaintiff insists on pursuing her claims against state judges and officials involved in her state court cases here in the lower federal courts. As explained to her ad nauseum in prior orders of this court, THIS SHE CANNOT DO! Her relief, if any, lies through the state appellate courts. Why she refuses to follow the path required of her is unclear, but she has tried vehemently to be heard in the lower federal courts by crafting elaborate civil RICO claims and asserting other violations of her federal rights by state court judges based on their rulings in state court child custody cases.

Now the undersigned and Magistrate Judge James have drawn her ire for explaining these impediments to her cases in federal court, and once again she has filed multiple motions to, at least in part, disqualify said judges from hearing her case. *See*, *e.g.*, Case No. 25-2171-JWB, Docs. 53, 68, 69; Case No. 25-2251-JWB, Docs. 15, 17, 18, 23, 25. She makes the same arguments that have been rejected both at the trial court level and by the Tenth Circuit Court of Appeals. *See Lawson*, Case No. 25-2199-JWB at Doc. 33; *Lawson*, Case No. 25-1179-JWB at Docs. 33, 39. The motions are frivolous, vexatious, and need not be addressed yet again. They are accordingly DENIED for the reasons discussed and those previously explained.

Her second motion merits a little more of a response, but not much. (Case No. 25-2171-JWB, Doc. 56.) The gist of this motion is that Plaintiff, having scoured the undersigned's financial disclosures, concludes that disqualification is required because the undersigned maintains accounts at two banks with holdings that include state tax-free bond mutual funds. And since Defendant Kansas Department of Children and Families does business with those banks, Plaintiff argues that gives rise to a disqualifying conflict. However, under 28 U.S.C. § 455, the statute on which Plaintiff has relied over and over, a judge's ownership of mutual fund shares does not constitute a "financial interest" requiring recusal unless the judge participates in the management of the fund,

or the outcome of the litigation would substantially affect the value of the interest.  Here, the undersigned holds only mutual fund shares through routine banking relationships; the Defendant's separate business dealings with these financial institutions creates no direct or indirect interest in this litigation.  Plaintiff's attenuated theory—that any banking relationship shared between a judge and a state agency necessitates recusal—would disqualify virtually every federal judge from hearing cases involving state entities.  The motion is DENIED.

As for Plaintiffs remaining motions (Case No. 25-2171-JWB, Docs. 45, 66, 71; Case No. 25-2251-JWB, Docs. 26, 27), they are wholly frivolous, vexations, and without merit. Accordingly, they are all DENIED.  And to the extent they have been denied in previous orders by this court, they are denied for similar reasons.

THEREFORE, Docs. 45, 53, 56, 66, 68, 69, 71 in Case No. 25-2171-JWB and Docs. 15, 17, 18, 23, 25, 26, 27 in Case No. 25-2251-JWB are all DENIED for the reasons stated herein.

FURTHER, the Clerk is directed to file this order in both above-styled cases.

FURTHER, Plaintiff is put on notice that if she files another motion deemed to be frivolous and without merit, the court will summarily deny the motion by minute order.  The court will also consider imposing filing restrictions and sanctions.

IT IS SO ORDERED.  Dated this __24th___ day of November 2025.

__s/ John Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

**Addendum C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

        Plaintiff,

v.

        Case No. 25-2171-JWB

KANSAS DEPARTMENT FOR CHILDREN
AND FAMILIES, KANSAS ATTORNEY
GENERAL'S OFFICE, AMANDA MIRANDA,
and HEATHER DUNZ, in their individual and
official capacities,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court upon Plaintiff filing her first amended complaint. (Doc. 74.)

## I.    Facts

Plaintiff Angeliina Lawson brings claims against Kansas Department for Children and Families ("DCF") employees Amanda Miranda and Heather Dunz. The underlying allegations generally involve child protection investigations conducted by DCF and involving Plaintiff's child. As such, Plaintiff brings this action on behalf of herself *and her minor child*.

On April 2, 2025, Plaintiff filed her initial complaint. (Doc. 1.) Notably, she brought claims on behalf of her minor child. On June 2, 2025, Defendants filed a motion to dismiss. (Doc. 11.) This court took the motion under advisement and instructed Plaintiff to file an amended complaint on or before October 30, 2025, that complied with the order and Federal Rule of Civil Procedure 8(a). (Doc. 48.) Among the instructions in the order was that Plaintiff could not bring claims on behalf of her minor child. Specifically, this court stated:

> At the outset, the court first addresses Plaintiff's claims brought on behalf of her minor child. "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child

1

cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  Therefore, any claims on behalf of Plaintiff's child are subject to dismissal.

(*Id*. at 3.)  Subsequently, Plaintiff timely filed her first amended complaint which included claims brought on behalf of her minor child.  (Doc. 55.)  This court struck the first amended complaint and stated:

> Plaintiff [is] cautioned. . . to omit any claims on behalf of her child as Plaintiff is proceeding pro se. . . . Plaintiff will be allowed one final opportunity to comply with this court's order.  Plaintiff may file an amended complaint on or before December 1, 2025.  Should she fail to file an amended complaint or if the amended complaint does not comply with the directives in the court's prior order (Doc. 48), this matter will be dismissed without further notice.

(Doc. 67.)  Subsequently, Plaintiff timely re-filed her first amended complaint.  (Doc. 74.)  It again included a plethora of claims brought on behalf of her minor child.[1]  In response to Plaintiff continually defying this courts reasonable orders, this court is poised to dismiss the instant action.

## II.    Standard

The court is mindful that Plaintiff proceeds pro se.  As a pro se litigant, Plaintiff's pleadings are to be construed liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this does not alleviate Plaintiff's burden.  *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988).  Further, the court may not assume the role of advocate for the pro se litigant.  *See Van Deelen v. City of Eudora, Kan*., 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999); *Sallaj v. Feiner*, No. 23-CV-01172-EFM-BGS, 2024 WL 112303, at *2 (D. Kan. Jan. 10, 2024) (citing *Ogden v. San Juan Cnty*., 32 F.3d 452, 455 (10th Cir. 1994) ("Plaintiffs are not excused from following procedural rules—including local rules—simply because they choose to proceed pro se.").

---

[1] Plaintiff states that she "brings this action . . . on behalf of [D.L.] who lacks the capacity to litigate."  (Doc. 74 at 5.) And throughout the first amended complaint, nearly every allegation brought by Plaintiff is on behalf of her minor son.

2

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's SAC does not.

### III.     Analysis

This court previously ruled that Plaintiff's complaint was subject to dismissal.  (Doc. 48.) The court stayed that ruling as to the two individual Defendants.  The court allowed Plaintiff to amend her claims against those two individual Defendant only.  Had Plaintiff complied with the court's instructions, the court was inclined to allow an amended complaint to be filed and the parties to again brief a motion to dismiss.  Despite this court's express admonitions that failure to comply with the court's orders could result in dismissal of the case (Docs. 48, 67), Plaintiff has failed to comply with this court's orders directing that she file an amended complaint that does not include claims brought on behalf of her minor child.  Accordingly, Federal Rule of Civil Procedure 41(b) authorizes this court to dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 630–32 (1962) (holding district court's have inherent power to *sua sponte* dismiss cases pursuant to Fed. R. Civ. P. 41(b)).[2]

While dismissal of this action is clearly warranted, it would not be appropriate to dismiss Plaintiff's claims against Amanda Miranda and Heather Dunz with prejudice due to Plaintiff's pro se status. *See Jones v. Greyhound Lines, Inc.*, No. CV 08-1185-MLB, 2010 WL 11627492, at *2 (D. Kan. Sept. 14, 2010) ("The court is reluctant to dismiss this case with prejudice due to

---

[2] "Although the language of Rule 41(b) requires that the defendant move to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Herrington v. Unknown Police Officer #1*, No. 22-1256, 2023 WL 5093712, at *2 (10th Cir. Aug. 9, 2023) (citing *Link*, 370 U.S. at 630–31).

plaintiff's pro se status"). Therefore, dismissal of those claims without prejudice is warranted. *See* Fed. R. Civ. P. 41(b); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir.2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Burnham v. United States*, No. 22-1436, 2023 WL 4994940, at *1 (10th Cir. Aug. 4, 2023) ("District courts have broad discretion in determining whether to dismiss a civil action without prejudice for failing to comply with court orders.").

Given Plaintiff's pro se status, the court thus far has opted on a conservative approach giving Plaintiff multiple opportunities to correct errors and informing her of her specific duties in complying with court orders. But Plaintiff's intentional defiance of reasonable orders in this case has reached the point where it is consuming a considerable amount of the court's time and, more importantly, is delaying the legal process of this case and others before this court. Because warning Plaintiff has proven ineffective, the court now dismisses another one of her actions.[3]

## IV. Conclusion

THEREFORE, the court DISMISSES WITHOUT PREJUDICE the instant action for the reasons stated in the court's prior order (Doc. 48) and for Plaintiff's continued failure to comply with court orders. Further, Defendant's motion to dismiss (Doc. 11) is GRANTED.

IT IS SO ORDERED. Dated this 11th day of December, 2025.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See*, *e.g.*, *Lawson v. Godderz*, Case No. 25-2199-JWB; *Lawson v. Lawson*, Case No. 25-4045-JWB.

**Addendum D**

# United States District Court

----------------------- DISTRICT OF KANSAS-------------------------

**ANGELIINA LYNN LAWSON,**

      **Plaintiff,**

**v.**                                        **Case No: 25-cv-2171-JWB**

**AMANDA MIRANDA,**
**HEATHER DUNZ,**

      **Defendants,**

## JUDGMENT IN A CIVIL CASE

☐    Jury Verdict.  This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED that pursuant to the Memorandum and Order filed December 11, 2025, the court DISMISSES WITHOUT PREJUDICE the instant action for the reasons stated in the court's prior order (Doc. 48) and for Plaintiff's continued failure to comply with court orders.  Further, Defendant's motion to dismiss (Doc. 11) is GRANTED.

_December 11, 2025_                       SKYLER B. O'HARA
      Date                                     CLERK OF THE DISTRICT COURT

                                        by:  _s/ Joyce Roach_
                                          Deputy Clerk

**Addendum E**

United States Code Annotated
  Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
    Title VI. Trials

Federal Rules of Civil Procedure Rule 41

Rule 41. Dismissal of Actions

Currentness

**(a) Voluntary Dismissal.**

  **(1)** *By the Plaintiff.*

   **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

    **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

    **(ii)** a stipulation of dismissal signed by all parties who have appeared.

   **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

  **(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

**(c) Dismissing a Counterclaim, Crossclaim, or Third-Party Claim.** This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made:

  **(1)** before a responsive pleading is served; or

**(2)** if there is no responsive pleading, before evidence is introduced at a hearing or trial.

**(d) Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

**(1)** may order the plaintiff to pay all or part of the costs of that previous action; and

**(2)** may stay the proceedings until the plaintiff has complied.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; December 4, 1967, effective July 1, 1968; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 30, 2007, effective December 1, 2007.)

<**Amendments received through October 1, 2025**>

Fed. Rules Civ. Proc. Rule 41, 28 U.S.C.A., FRCP Rule 41
Including Amendments Received Through 3-1-2026

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.